The State v. Terrell.

---

THE STATE OF KANSAS v. C. A. TERRELL, *et al.*

JURISDICTION, *No Ouster of; Valid Recognizance.* After the examining magistrate had adjudged upon a preliminary examination that an offense had been committed; that there was probable cause to believe the defendant guilty, and had fixed the amount of bail required of the defendant for his appearance at the trial court, without issuing a warrant or commitment or taking bail, upon the word of his father and with the consent of the constable, he permitted the defendant to go with his father, promising that he would release him upon his giving a good bond. Within five days thereafter the magistrate accepted and approved a bond signed by the father of the defendant and four other sureties, to the effect that the defendant would appear before the district court for trial for the offense alleged against him. *Held,* That the permission to the defendant to go with his father did not oust the justice of jurisdiction, or release the defendant; and the recognizance having been accepted and approved with the understanding of the parties that by reason thereof the accused was to be discharged, such bond is not invalid or void on the ground that the defendant was not legally in custody at the time it was given and accepted.

*Error from Neosho District Court.*

ACTION upon a forfeited recognizance, brought by *The State* against *Terrell* and four others. Judgment for the defendants at the July Term, 1882, of the district court. The plaintiff brings the case here. The facts appear in the opinion.

*T. F. Rager,* county attorney, and *L. Stillwell,* for plaintiff in error.

*Hutchings & Denison,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Action upon a forfeited recognizance. Upon the trial, the state introduced in evidence the original complaint and warrant with the return thereon, in the case of The State of Kansas against John A. Terrell; the transcript of the magistrate's docket showing an examination on the 15th day of September, 1879, at the close of which it was adjudged that said Terrell give a bond in the sum of $300 for his appearance at the next term of the district court, to answer the charge of grand larceny; the information filed against Terrell for the alleged offense, and the record of the forfeiture of the recognizance sued on. The transcript contained no note of the filing or approval of the bond, but the state proved by parol by the justice of the peace that he released Terrell upon the delivery to him of the bond. The justice also testified that the preliminary examination of Terrell ended late in the evening; that Terrell was about sixteen years old; that the parties present were his brothers, father and mother, James J. Jones and the officers; that after the examination, Terrell went away with his father; that he allowed Terrell to go away with his father without taking any bond or issuing any mittimus, merely upon the word of his father and by the desire and consent of the constable, promising that he would release him upon his giving a good bond; that the bond sued on was made out after the preliminary examination; that C. A. Terrell signed it that evening, and took the paper home

with him; that the bond was indorsed approved by the justice on the 16th day of September, 1879, and was received by the justice from two to five days after the preliminary examination; that the defendant was not then in the personal custody of the justice, nor in the custody of any officer, and that the justice had not seen the defendant since the preliminary examination; that when he received and approved the bond he had no personal knowledge of the whereabouts of Terrell. It was also disclosed in the evidence that on the evening of the preliminary examination C. A. Terrell executed and delivered to the justice another paper in the form of a bond, but this bond was not accepted or approved by the justice.

The defendants demurred to the evidence on the ground that no cause of action was proved. The court sustained the demurrer, discharged the jury, and rendered judgment in favor of the defendants for costs. The state brings the case here.

It is contended in support of the demurrer, that the evidence established that at the time of the execution of the bond, John A. Terrell was not legally in custody; that he had been discharged from two to five days previously thereto, and therefore was not discharged or released by reason of the giving of the recognizance; hence, that the justice had no jurisdiction or authority to accept or approve the recognizance, and that it was void and without consideration. We think otherwise. John A. Terrell, prior to the execution of the recognizance sued on, was not released or discharged by the justice or the officer. The first bond or paper left with the justice was never accepted or approved by him, and he lost no jurisdiction on account of it. The conduct of the justice in permitting Terrell to go away with his father after the examination was irregular, as it was his duty upon the conclusion of the examination when no bail was offered, to have issued a warrant of commitment and indorsed thereon the sum in which bail was required; but his failure to issue the warrant of commitment did not oust him of jurisdiction or authority to accept the bond. His permission for the defendant to go

with his father did not release or discharge him, and' when the recognizance in controversy was accepted and approved, it was so accepted and approved as if John A. Terrell was in fact in manual custody. By the understanding of the parties, he was, until giving the recognizance, under the control and order of the justice, and therefore while not in the manual custody of an officer, was technically in the custody of the law. The father had the charge and control of him, with the consent of the justice and constable. After the recognizance had been approved and filed, if the sureties thereon continued responsible, John A. Terrell could not have been rearrested upon any warrant of commitment issued by the justice, because the latter had adopted the recognizance taken, and let the accused to bail on the faith of it. Therefore, by reason of the giving of the recognizance, the defendant was discharged from arrest and custody, and we are bound to regard the recognizance good. (Cr. Code, § 154.)

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.